MICHAEL FAILLACE & ASSOCIATES, P.C.
SARA ISAACSON, Es1 [SI 8937]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
NEW JERSEY DISTRICT COURT**
--------------------------------------------------------X
CLAY CALLE, EDISON GUSTAVO
ESPINOZA ENCALADA, and WILMER CALLE
JARA, *individually and on behalf of others
similarly situated,*

       *Plaintiffs*,

   -against-

JOHNNY'S BRICK OVEN LLC (D/B/A
OLIVELLA RESTAURANT), OLIVELLA
FOODS LLC (D/B/A OLIVELLA
RESTAURANT), SALVATORE OLIVELLA ,
RICHARD DOE , and GINO DOE,

       *Defendants.*
--------------------------------------------------------X

             **COMPLAINT**

          **COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

             **ECF Case**

   Plaintiffs Clay Calle, Edison Gustavo Espinoza Encalada, and Wilmer Calle Jara ,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Johnny's Brick Oven LLC (d/b/a Olivella Restaurant), Olivella Foods LLC (d/b/a Olivella

Restaurant), ("Defendant Corporations"), Salvatore Olivella,  Richard Doe, and  Gino Doe,

("Individual Defendants"), (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

  1.  Plaintiffs are former employees of Defendants Johnny's Brick Oven LLC (d/b/a

Olivella Restaurant), Olivella Foods LLC (d/b/a Olivella Restaurant), Salvatore Olivella, Richard

Doe, and Gino Doe.

2.      Defendants own, operate, or control an Italian restaurant, located at 7709 Bergenline Avenue, North Bergen, New Jersey 07047-4966 under the name "Olivella Restaurant."

3.      Upon information and belief, individual Defendants Salvatore Olivella, Richard Doe, and Gino Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as a cook, a dishwasher, preparer, cleaner, a cook and a pizza maker at the restaurant located at 7709 Bergenline Avenue, North Bergen, New Jersey 07047-4966.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New

Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. §§ 34:11-56a, *et seq*, the New Jersey Wage Payment Law ("NJWPL"), §§ 34:11-4.1, *et seq*, and common law, including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district.  Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Clay Calle ("Plaintiff Calle" or "Mr. Calle") is an adult individual residing in Queens County, New York.  Plaintiff Calle was employed by Defendants at Olivella Restaurant from approximately February 2017 until on or about May 2017.

16.     Plaintiff Edison Gustavo Espinoza Encalada ("Plaintiff Espinoza" or "Mr. Espinoza") is an adult individual residing in Queens County, New York.  Plaintiff Espinoza was employed by Defendants at Olivella Restaurant from approximately February 2017 until on or about May 2017.

17.    Plaintiff Wilmer Calle Jara ("Plaintiff Wilmer" or "Mr. Wilmer") is an adult individual residing in Queens County, New York. Plaintiff Wilmer was employed by Defendants at Olivella Restaurant from approximately February 2017 until on or about June 17, 2017.

*Defendants*

18.    At all relevant times, Defendants owned, operated, or controlled an Italian restaurant, located at 7709 Bergenline Avenue, North Bergen, New Jersey 07047-4966 under the name "Olivella Restaurant."

19.    Upon information and belief, Johnny's Brick Oven LLC (d/b/a Olivella Restaurant) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 7709 Bergenline Avenue, North Bergen, New Jersey 07047-4966.

20.    Upon information and belief, Olivella Foods LLC (d/b/a Olivella Restaurant) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 7709 Bergenline Avenue, North Bergen, New Jersey 07047-4966.

21.    Defendant Salvatore Olivella is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Salvatore Olivella is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations.

22.    Defendant Salvatore Olivella possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. Defendant Salvatore Olivella determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Richard Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Richard Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations.

24.     Defendant Richard Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

25.     Defendant Richard Doe determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Gino Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gino Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations.

27.     Defendant Gino Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

28.     Defendant Gino Doe determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate an Italian restaurant located in the North Bergen area in New Jersey.

30.     Individual Defendants, Salvatore Olivella, Richard Doe, and Gino Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

- 5 -

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*, the NJWHL, and NJWPL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants, Salvatore Olivella, Richard Doe, and Gino Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

   f)  intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, NJWHL, and NJWPL. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     During 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New Jersey.

### *Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who were employed as a cook, a dishwasher, preparer, cleaner, and a pizza maker.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Clay Calle*

41.     Plaintiff Calle was employed by Defendants from approximately February 2017 until on or about May 2017.

42.     Defendants employed Plaintiff Calle as a cook.

43.     Plaintiff Calle regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New Jersey.

44.     Plaintiff Calle's work duties required neither discretion nor independent judgment.

45.    Throughout his employment with Defendants, Plaintiff Calle regularly worked in excess of 40 hours per week.

46.    From approximately February 2017 until on or about May 2017, Plaintiff Calle worked as a cook from approximately 11:30 a.m. until on or about 11:00 p.m., 6 days a week (typically 69 hours per week).

47.    From approximately February 2017until on or about March 2017, Defendants paid Plaintiff Calle his wages in cash.

48.    From approximately March 2017 until on or about April 2017, Defendants paid Plaintiff Calle his wages by personal check.

49.    From approximately February 2017 until on or about March 2017, Defendants paid Plaintiff Calle $500 per week.

50.    From approximately March 2017 until on or about April 2017, Defendants paid Plaintiff Calle $750 per week.

51.    For approximately four weeks in May 2017, Defendants did not pay Plaintiff Calle any wages for his work.

52.    Plaintiff Calle's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.    For example, Defendants required Plaintiff Calle to work an additional 30 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

54.    Defendants never granted Plaintiff Calle any breaks or meal periods of any kind.

55.    Plaintiff Calle was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Calle regarding overtime and wages under the FLSA.

*Plaintiff Edison Gustavo Espinoza Encalada*

57.     Plaintiff Espinoza was employed by Defendants from approximately February 2017 until on or about May 2017.

58.     Defendants employed Plaintiff Espinoza as a dishwasher, preparer and cleaner.

59.     Plaintiff Espinoza regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New Jersey.

60.     Plaintiff Espinoza's work duties required neither discretion nor independent judgment.

61.     Throughout his employment with Defendants, Plaintiff Espinoza regularly worked in excess of 40 hours per week.

62.     From approximately February 2017 until on or about April 2017, Plaintiff Espinoza worked as a dishwasher, preparer and cleaner from approximately 11:30 a.m. until on or about 11:00 p.m., 3 days a week and from approximately 11:30 a.m. until on or about 12:00 a.m., 3 days a week (typically 72 hours per week).

63.     For a period of three weeks in May 2017, Plaintiff Espinosa worked from approximately 2:00 p.m. until on or about 10:30 p.m. six days a week (tipically 51 hours per week).

64.     For the first 3 weeks of his employment, Defendants paid Plaintiff Espinoza his wages in cash.

65.     From approximately March 2017 until on or about April 2017, Defendants paid Plaintiff Espinoza his wages by personal check.

66.     From approximately February 2017 until on or about March 2017, Defendants paid Plaintiff Espinoza $650 per week.

67.    From approximately March 2017 until on or about April 2017, Defendants paid Plaintiff Espinoza $700 per week.

68.    For approximately 3 weeks in May 2017, Defendants did not pay Plaintiff Espinoza any wages for his work.

69.    Plaintiff Espinoza's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

70.    For example, Defendants required Plaintiff Espinoza to work an additional 30 minutes past his scheduled departure time two or three days a week, and did not pay him for the additional time he worked.

71.    Defendants never granted Plaintiff Espinoza any breaks or meal periods of any kind. Prior to May 2017, Plaintiff Espinoza was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

72.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Espinoza regarding overtime and wages under the FLSA.

*Plaintiff Wilmer Calle Jara*

73.    Plaintiff Wilmer was employed by Defendants from approximately February 2017 until on or about June 17, 2017.

74.    Defendants employed Plaintiff Wilmer as a cleaner, a cook and a pizza maker.

75.    Plaintiff Wilmer regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New Jersey.

76.    Plaintiff Wilmer's work duties required neither discretion nor independent judgment.

77.    Throughout his employment with Defendants, Plaintiff Wilmer regularly worked in excess of 40 hours per week.

78.     From approximately February 2017 until on or about March 2017, Plaintiff Wilmer worked as a cleaner from approximately 9:00 a.m. until on or about 7:00 p.m. to 8:00 p.m., 7 days a week (typically 70 to 77 hours per week).

79.     From approximately March 2017 until on or about May 15, 2017, Plaintiff Wilmer worked as a cook and a pizza maker from approximately 11:00 a.m. until on or about 11:00 p.m., 4 days a week and from approximately 11:00 a.m. until on or about 11:30 p.m., 3 days a week (typically 87.5 hours per week).

80.     For a period of 4 weeks in June 2017, Plaintiff Wilmer worked as a cook and a pizza maker from approximately 2:00 p.m. until on or about 11:00 p.m., 7 days a week (typically 63 hours per week).

81.     Throughout his employment, Defendants paid Plaintiff Wilmer his wages by personal check.

82.     From approximately February 2017 until on or about March 14, 2017, Defendants paid Plaintiff Wilmer $750 per week.

83.     From approximately March15, 2017 until on or about March 29, 2017, Defendants paid Plaintiff Wilmer $500 per week.

84.     From approximately March 29, 2017 until on or about April 12, 2017, Defendants paid Plaintiff Wilmer $700 per week.

85.     From approximately April 12, 2017 until on or about May 3, 2017, Defendants paid Plaintiff Wilmer $750 per week.

86.     From approximately May 3, 2017 until on or about May 10, 2017, Defendants paid Plaintiff Wilmer $900 per week.

87.     For approximately 5 weeks from May 2017 until June 2017, Defendants did not pay Plaintiff Wilmer any wages for his work.

88.     Plaintiff Wilmer's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

89.     For example, Defendants required Plaintiff Wilmer to work an additional 30 minutes past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

90.     Defendants never granted Plaintiff Wilmer any breaks or meal periods of any kind. Prior to May 2017, Plaintiff Wilmer was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

91.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Wilmer regarding overtime and wages under the FLSA.

*Defendants' General Employment Practices*

92.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

93.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA, not paying them the wages they were owed for the hours they worked.

94.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

95.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

96.     Defendants refused to pay Plaintiffs the wages they were owed for the weeks they worked in May and June 2017.

97.     Prior to May 2017, defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

98.     Plaintiffs were paid their wages in cash or by personal checks.

99.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

100.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

101.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

102.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

## FLSA COLLECTIVE ACTION CLAIMS

103.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

104.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a

one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

105.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

106.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

108.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

109.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

110.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate.

111.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

112.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

113.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth here.

114.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

115.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

116.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF NJWHL

117.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of New Jersey Wage and Hour Law, N.J.S.A., 34:11-56a(1).

119.     Defendants, in violation of N.J.S.A. 34:11-56, paid Plaintiff less than the minimum wage.

120.     As a result of Defendants' failure to pay, and decision to withhold wages earned and due to Plaintiffs for all work performed or labor or services rendered, at the regular hourly rate, Defendants have violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56, et seq., and the regulations promulgated thereunder.

121.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF NJWHL

122.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of New Jersey Wage and Hour Law, N.J.S.A., 34:11-56a(1).

124.    Defendants, in violation of N.J.S.A. 34:11-56, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

125.    As a result of Defendants' failure to pay, and decision to withhold overtime wages earned and due to Plaintiffs at the applicable overtime rate for work over forty hours in a week, Defendants have violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56, et seq., and the regulations promulgated thereunder.

126.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF NEW JERSEY WAGE PAYMENT LAW

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1.

129.    At all relevant times, Defendants employed employees, including Plaintiffs, within the meaning of NJWPL, N.J.S.A. 34:11-4.

130.    Defendants withheld and diverted wages owed to Plaintiffs for work performed in excess of forty hours per week.

131.    As a result of Defendants' failure to pay and decision to withhold and divert wages earned and due to Plaintiffs for all work performed, Defendants have violated and continue to violate the NJWPL, N.J.S.A. 34:11-4.1, et seq., and the regulations promulgated thereunder.

132.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wages, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provision of, and rules and order, promulgated under the NJWHL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under the NJWHL as to Plaintiffs;

(j)      Declaring that Defendants violated the New Jersey Wage Payment Act ("WPL") as

to Plaintiffs;

(k)     Declaring that Defendants' violations of the New Jersey statutes were willful;

(l)     Awarding Plaintiffs damages for the amount of unpaid wages and overtime wages, under the NJWHL and NJWPL;

(m)     Awarding Plaintiffs compensation that was unjustly retained by Defendants;

(n)     Awarding Plaintiffs compensatory damages.

(o)     Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the NJWHL and NJWPL;

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        January 9, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Sara Isaacson
        Sara Isaacson, Esq.
        Michael Faillace & Associates, P.C.
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 19, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                                **Clay E Calle Jara**

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                    19 de diciembre de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 19, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Edison Gustavo Espinoza Encalada

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:    _____

Date / Fecha:          19 de diciembre, 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 22, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Wilmer  Calle

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:        Wilmer  Calle

Date / Fecha:            22 de Diciembre, 2017

_Certified as a minority-owned business in the State of New York_