UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## LETTER ORDER

August 27, 2021

*All counsel of record via ECF*

**Re:** **Calle, et al. v. Johnny's Brick Oven Pizza LLC, et al.**
**Civil Action No. 18-331 (KSH) (CLW)**

Counsel:

This will address Plaintiffs' motion to enter defaults and default judgments against Defendants Salvatore Olivella and Olivella Foods, LLC, (ECF No. 83), as well as the general status of this matter. In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Plaintiffs' application without oral argument. Upon careful consideration of the record, and for good cause shown, and for the reasons discussed herein, Plaintiffs' motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.

Plaintiffs' motion appears to be an attempt to "reset" and ignore much of the recent history of this matter, a period marked by the parties' serial failures to comply with Court Orders or to otherwise litigate this case in a timely fashion. Those violations include both sides' prolonged failure to submit a stipulation of dismissal regarding Defendants Johnny's Brick Oven Pizza LLC, Gino Ramundo, and Charles Castelli. The Court must attempt to untangle these issues and create an equitable path forward.

## I. RELEVANT BACKGROUND

There is much to unpack here, and the procedural history for this matter does not provide a model of clarity. Part of that confusion concerns the timing of Plaintiffs' service of process and Defendants' responsive pleadings. Another portion flows from the multiple responsive pleadings that defense counsel filed on behalf of different combinations of defendants (including some, the record now reflects, counsel did not actually represent). Plaintiffs commenced this matter on January 9, 2018, (Compl., ECF No. 1), and the Clerk of the Court issued a summons on January 10, 2018. There is no indication of when, if ever, Plaintiffs served any defendant with a copy of the summons and original Complaint. On March 26, 2018, attorney James Lisa, Esq. filed an Answer on behalf of Johnny's Brick Oven LLC, Olivella Foods LLC, Richard Roe, and Gino Doe (a/k/a Gino Ramundo). (ECF No. 3). On March 30, 2018, Attorney Lisa filed an Amended Answer, this time purporting to respond on behalf of Defendant Salvatore Olivella as well. (ECF No. 5).

Plaintiffs filed an Amended Complaint on May 14, 2018. (ECF No. 9). The following day, Plaintiffs requested that the Clerk of the Court issue a summons regarding that amended pleading. (ECF Nos. 10-14). Between June 16, 2018 and July 18, 2018, Plaintiff filed documents reflecting proof of service of the summons and First Amended Complaint on the various defendants. (ECF Nos. 16-20). On August 15, 2018, Attorney Lisa filed an Answer to the First Amended Complaint on behalf of "all defendants", though the document itself indicates that he represented Defendants Johnny's Brick Oven LLC, Olivella Foods, LLC, Chares Castelli, and Gino Ramundo (i.e., every defendant *except* Salvatore Olivella). (ECF No. 23). On the same date, Attorney Lisa filed an Amended Answer on behalf of the same group of Defendants. (ECF No. 24).

By letter dated January 25, 2019, Attorney Lisa advised the Court, for the first time, that he did not represent Defendants Salvatore Olivella or Olivella Foods, LLC. (ECF No. 35). The Court directed counsel to file a formal motion for leave to withdraw with regard to those defendants, (ECF

No. 36), and he did so on February 16, 2019. (ECF No. 39). In that submission, Attorney Lisa advised that his inclusion of Defendants Olivella and Olivella Foods, LLC in his various responsive pleadings was in error, and that his firm never represented either of those defendants. (Feb. 15, 2019 Cert. of James R. Lisa ¶¶ 3-5, ECF No. 39-2). By Orders dated April 4, 2019, the Court permitted Attorney Lisa to withdraw as counsel for Defendants Olivella and Olivella Foods, LLC. (ECF No. 49-50). The Court also required Attorney Lisa to provide those defendants with notice regarding their obligations going forward (e.g., their obligation to appear at a May 6, 2019 conference, their 30-day deadline to obtain new counsel). (April 4, 2019 Order, ECF No. 49). Attorney Lisa submitted certifications representing that he provided the requisite notice. (ECF Nos. 47-48). Despite his withdrawal as counsel of record for Olivella and Olivella Foods, LLC, Attorney Lisa remains counsel to Defendants Johnny's Brick Oven LLC, Chares Castelli, and Gino Ramundo.

All parties' engagement in this case has waned significantly over time. For instance, Attorney Lisa ceased appearing at conferences on behalf of Defendants Johnny's Brick Oven LLC, Chares Castelli, and Gino Ramundo and otherwise following Court directives, to the point that the Court issued an Order to Show Cause regarding his conduct. (October 2, 2019 Order, ECF No. 60). Following a hearing on October 16, 2019, the Court ultimately discharged its Order to Show Cause given the parties' agreement that Plaintiffs would dismiss Mr. Lisa's clients from the case. On the same date, the Court issued an order stating, in pertinent part: "Parties are to file a Stipulation of Dismissal as to Johnny's Brick Oven, Mr. Ramundo, and Mr. Castelli within 30 days. Plaintiff shall default remaining defendants." (Oct. 16, 2019 Order, ECF No. 62). While the Court extended the parties' deadline to file that stipulation on multiple occasions, (ECF Nos. 64, 68, 77, 81), and afforded counsel an extraordinary amount of leniency in that regard, they have *still* not done so. This is despite multiple orders on the subject, (ECF Nos. 80, 81), the most recent of which directly cautioned the parties that would be sanctioned if they failed to comply. (Feb. 10, 2021 Order, ECF No. 81). The

parties have, without explanation, missed the Court's most recent deadline regarding that stipulation of dismissal by more than six months. (*Id.*).

Moreover, neither Salvatore Olivella nor Olivella Foods, LLC participated in this case after Attorney Lisa withdrew as their counsel, missing both the next scheduled conference and a subsequent hearing during which they were supposed to show cause for their previous absence. (July 16, 2019 Order, ECF NO. 52; August 19, 2019 Order, ECF No. 53). The Court thereafter directed Plaintiffs to "seek a Clerks default and any other appropriate remedy" regarding those defendants. (August 19, 2019 Order, ECF No. 53). Plaintiffs failed to do so in a timely fashion, and the Court directed them to do so yet again by Order dated July 1, 2020. (ECF No. 77). Plaintiffs first made an application for the entry of default against Defendant Salvatore Olivella (but not Olivella Foods, LLC) on July 1, 2020. (Motion for Entry of Default, ECF No. 78). The Clerk's Office denied that application on the grounds that "service [on Olivella] was improper pursuant to Rule 4." (July 23, 2020 Clerk's Quality Control Message). After nearly a year, and several Orders directing them to address the situation, Plaintiffs filed another motion for default judgment on July 9, 2021. (ECF No. 83).

In their renewed application, Plaintiffs seek entries of default and default judgments against both Salvatore Olivella and Olivella Foods, LLC. (*Generally*, Motion for Default, ECF No. 83). That motion is unopposed and ripe for resolution.

    II.    **LEGAL DISCUSSION**

        a.    **Entry of Default Against Salvatore Olivella and Olivella Foods, LLC**

Plaintiffs argue that the Clerk's Office erred in refusing to enter default against the Olivella Defendants because: (1) those defendants had filed responsive pleadings without raising any challenges regarding the propriety of service, thereby waiving the issue; and (2) Plaintiffs appropriately served the Amended Complaint on the Olivella Defendants' counsel of record, James Lisa. Plaintiffs' analysis on this point, however, incorrectly describes their service of the Amended

4

Complaint and ignores the fact that Attorney Lisa never legitimately represented Salvatore Olivella or Olivella Foods, LLC.  In the interests of justice, and in moving this case forward, the Court will perform its own analysis.

As an initial point, the Court must address the fact that Attorney Lisa mistakenly filed various pleadings on behalf of the Olivella Defendants, even though he did not represent those parties and acted without their consultation or consent.  (*See, e.g.* Feb. 15, 2019 Cert. of James R. Lisa ¶ 5, ECF No. 39-2) ("I have never spoken to defendants OLIVELLA FOODS, LLC . . . and SALVATORE OLIVELLA.  They have never retained my Law Office nor have they ever paid me any money.") (capitalization in original).  The Court will therefore vacate those pleadings vis-à-vis both Salvatore Olivella and Olivella Foods, LLC and proceed as if neither party has appeared in this action because, in truth, they have not.  Plaintiffs' arguments regarding the legal impact of those pleadings are therefore moot.

Next, the Court examines Plaintiffs' efforts to serve the Olivella Defendants.  While Plaintiffs fail to address it in their motion papers, it appears they have, in fact, properly served both defendants in accordance with Federal Rule of Civil Procedure 4.  With regard to serving an individual such as Defendant Salvatore Olivella, that Rule provides, in pertinent part:  "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Here, Plaintiffs served Defendant Salvatore Olivella in New York.  New York Consolidated Laws Civil Practice Law and Rules § 308, which governs service upon an individual in New York State, provides, in pertinent part:

> Personal service upon a natural person shall be made by any of the following methods:
>
> 1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

N.Y. C.P.L.R § 308.

The record reflects that, after attempting to personally serve Defendant Salvatore Olivella at his personal residence on three occasions, Plaintiffs' process server determined that, despite his due diligence, he would be unable to serve the Summons and Amended Complaint on Olivella in accordance with N.Y. C.P.L.R § 308(1) or (2). (Affidavit of Service, ECF No. 18). The process server then utilized the "nail and mail" procedure authorized in such circumstances under § 308(4). The process server represented that he affixed the summons to Olivella's door and then mailed a copy to the same address. (*Id.*). While Plaintiffs' counsel did not file the process server's Affidavit of Service within the 20-day window set forth in § 308, that procedural failing does not deprive the Court of personal jurisdiction over Olivella. *See Lopez v. Quickset Printers, Inc.*, 334 N.Y.S.2d 808, 809 (Sup. Ct. 1972) (finding that a failure to timely file proof of service is not jurisdictional, and that a Court may authorize a late filing of proof). The fact that Plaintiffs filed the Affidavit of Service approximately 9 days late (July 18, 2018 instead of July 9, 2018) had no discernable impact on any party, and so the Court will authorize that late filing *nunc pro tunc*. As § 308(4) provides that service shall be deemed "complete" ten days after that filing, the Court therefore finds that Plaintiffs effectuated service on Olivella as of July 28, 2018.

With regard to Defendant Olivella Foods, LLC, the record reflects that Plaintiffs personally served that entity's "managing agent" with the summons and Amended Complaint at an address in North Bergen, New Jersey on June 4, 2018. Such service is effective under Rule 4. *See* Fed. R. Civ. P. 4(b)(a)(1)(A) (permitting service on an unincorporated association "in the manner prescribed by Rule 4(e)(1) for serving an individual"); N..J. Ct. R. 4:4-4(a)(5) (permitting service upon "unincorporated associations subject to suit under a recognized name, by servicing a copy of the summons and complaint . . . on an officer or managing agent . . ."). The Court finds that Plaintiffs therefore effectuated service on Defendant Olivella Foods, LLC as of June 4, 2018.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants Olivella and Olivella Foods, LLC were required to file responsive pleadings on or before August 20, 2018 and June 25, 2018, respectively. To date, they have still not appeared in this case. An entry of default is therefore appropriate under Rule 55(a). The Court will direct the Clerk of the Court to enter defaults against both of those defendants.

### b.     Propriety of Default Judgment

The Court next turns to the portion of Plaintiffs' motion seeking default judgments against Defendants Olivella and Olivella Foods, LLC. As described in detail above, both Plaintiffs and Defendants have long ignored this Court's Orders directing them to submit a stipulation of dismissal regarding Defendants Johnny's Brick Oven Pizza LLC, Gino Ramundo, and Charles Castelli. Indeed, the Court explicitly warned both sides that sanctions would follow if they failed to comply by February 24, 2021. (Feb. 10, 2021 Order, ECF No. 81). Neither did so, sought an extension for compliance, or otherwise contacted the Court regarding that stipulation. Indeed, even when submitting their current application on July 9, 2021, Plaintiffs did not mention the required stipulation.

Plaintiffs' application for a default judgment is therefore denied, without prejudice, as a sanction for their repeated, ongoing violations of this Court's previous orders. Plaintiffs may re-file their application for default judgment, with leave of Court, at an appropriate time. The Court notes that it imposes this sanction as a last effort to determine if sanctions short of dismissal might be effective in persuading Plaintiffs to comply with the Court's directives. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (requiring courts to examine six factors, including "the effectiveness of sanctions other than dismissal" when determining whether to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b)). Repeated, general threats of sanctions have already proven ineffective. The Court provides Plaintiffs with explicit notice that, if they do not submit the

stipulation of dismissal regarding Defendants Johnny's Brick Oven Pizza LLC, Gino Ramundo, and Charles Castelli by **September 17, 2021**, this Court will recommend that the District Court dismiss Plaintiffs' claims, as it will be obvious at that point that no sanctions short of dismissal would be effective in persuading Plaintiffs to obey Court Orders.  Plaintiffs' counsel shall provide their clients with copies of this Letter Order so that they are all on notice that their claims are in danger of potential dismissal should they fail to take appropriate action.  *Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 129 (3d Cir. 1987).

### III.  CONCLUSION

Based on the foregoing, it is on this 27th day of August 2021,

**ORDERED** that Plaintiffs' motion, (ECF No. 83), is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**; and it is further

**ORDERED** that Defendants' responsive pleadings are vacated only to the extent they purport to include a response on behalf of Defendants Salvatore Olivella or Olivella Foods, LLC; and it is further;

**ORDERED** that the Clerk of the Court shall enter defaults against Defendants Salvatore Olivella and Olivella Foods, LLC; and it is further

**ORDERED** that Plaintiffs' motion is **DENIED WITHOUT PREJUDICE** to the extent Plaintiffs seek default judgments; and it is further

**ORDERED** that Plaintiffs may refile their application for default judgments, with leave of Court, at an appropriate time; and it is further

**ORDERED** that, **on or before September 17, 2021**, the parties shall file a stipulation of dismissal regarding Defendants Johnny's Brick Oven Pizza LLC, Gino Ramundo, and Charles Castelli.  If they fail to do so, the Court will recommend that the District Court dismiss Plaintiffs' claims in this matter; and it is further

**ORDERED** that Plaintiffs' counsel shall send a copy of this Letter Order to their clients and then promptly file a certification of service on the docket describing their compliance with this requirement.

s/Cathy L. Waldor
**Cathy L. Waldor**
**United States Magistrate Judge**

cc:   Hon. Katharine S. Hayden, U.S.D.J.