UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLAY CALLE, EDISON GUSTAVO
ESPINOZA ENCALADA, and WILMER
CALLE JARA, individually and on behalf of
others similarly situated,
                  *Plaintiffs*,

v.

JOHNNY'S BRICK OVEN PIZZA LLC (D/B/A
OLIVELLA RESTAURANT), OLIVELLA
FOODS LLC (D/B/A OLIVELLA
RESTAURANT), SALVATORE OLIVELLA,
CHARLES CASTELLI, AND GINO
RAMUNDO,

                  *Defendant*.

Civil No.: 18-cv-00331 (KSH) (CLW)

**ORDER OF DISMISSAL WITH PREJUDICE**

    **THIS MATTER** having come before the Court on the order to show cause (D.E. 96) issued on July 21, 2022 to address the parties' failure to actively participate in this matter, including their repeated noncompliance with orders issued by Magistrate Judge Cathy L. Waldor (*see, e.g.*, D.E. 77, 80, 81, 87): and

    The order to show cause having directed plaintiffs' counsel: (i) to promptly serve a copy of both the order to show cause (D.E. 96) and an August 27, 2021 letter order of Judge Waldor (D.E. 87) on their clients and to electronically file proof of said service by no later than August 4, 2022;[1] and (ii) to show cause, via a written submission filed no later than August 18, 2022, why this action should not be dismissed under Fed. R. Civ. P. 41(b) and *Poulis v. State Farm Fire & Ca. Co.*, 747 F.2d 863 (3d Cir. 1984) for failure to prosecute; and

---

[1] Judge Waldor had previously ordered plaintiffs' counsel to serve a copy of her letter order on their clients and to file proof of said service on the docket (*see* D.E. 87 at 10), but they failed to do so.

1

Plaintiffs having failed to comply with the directives in the order to show cause, and the deadline to do so having passed; and

The Court recognizing that the factors set forth in *Poulis* govern whether a case should be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b); and

The Court further recognizing that the *Poulis* factors examine: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense, *see Poulis*, 747 F.2d at 868; and

The Court having reviewed each of the six *Poulis* factors and determined that those factors, on balance, favor dismissal of this action;[2] and

The Court having determined that the first factor weighs slightly against dismissal, as plaintiffs are represented by counsel and there is nothing in the record to suggest that they are "directly responsible for [their] actions and inaction in the litigation," *Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005); and

The Court having determined that the second factor is neutral because, like plaintiffs, defendants Salvatore Olivella and Olivella Foods, LLC (the "Olivella defendants")—the only remaining defendants in this action—have failed to actively participate in this matter and, therefore, their "ability to prepare effectively a full and complete trial strategy" has likely not

---

[2] It is well settled that "not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

2

been hindered by plaintiffs' failure to prosecute, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003);[3] and

The Court having determined that the third and fourth factors strongly favor dismissal in light of plaintiffs' longstanding noncompliance with Court orders—most recently, Judge Waldor's letter order and this Court's order to show cause (*see* D.E. 87, 96)—and their wholesale failure to take any actions in furtherance of their claims for the past year,[4] *see Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as … consistent tardiness in complying with court orders."); *see also Hildebrand v. Allegheny County*, 923 F.3d 128, 135 (3d Cir. 2019) ("[A] court should look for the type of willful or contumacious behavior that can be characterized as flagrant bad faith, such as … ignoring admonitions by the court[.]" (internal citations and quotations omitted)); and

The Court having found that the fifth factor also strongly favors dismissal, as plaintiffs have failed to heed two separate warnings (D.E. 87, 96) that their continued noncompliance with court orders would result in dismissal, which "suggests that alternative sanctions would be futile*," Grover v. Reynolds American, Inc.*, 2020 WL 8083877 at *2 (D.N.J. Nov. 23, 2020) (Clark, M.J.); *see Porten v. Auto Zone*, 2011 WL 2038742, at *3 (D.N.J. May 24, 2011) (Bumb, J.) (finding that plaintiff would not "comply with . . . alternative sanctions" in light of noncompliance with prior court orders); and

---

[3] In light of the Olivella defendants' lack of participation in this matter, Judge Waldor directed the Clerk's office to enter default against them on August 27, 2021. (*See* D.E. 87 at 8.)

[4] Although another attorney filed a notice of appearance on plaintiffs' behalf on May 23, 2022 (D.E. 95), no substantive filings were made. Rather, plaintiffs' most recent substantive submission—a joint stipulation of dismissal—was filed on September 17, 2021. (D.E. 91.)

The Court having found that the sixth *Poulis* factor also favors dismissal, as plaintiffs' failure to prosecute their case "casts some doubt" as to whether their claims have merit, *Deslonde v. New Jersey*, 2010 WL 4226505, at *3 (D.N.J. Oct. 21, 2010) (Pisano, J.); and

Good cause thereby appearing,

**IT IS** on this 22nd day of August, 2022,

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**;[5] and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[5] The Court recognizes that L. Civ. R. 41.1 requires that notice be provided to counsel and their clients when a dismissal for lack of prosecution is contemplated. *See* L. Civ. R. 41.1(a). In light of plaintiffs' failure to provide an "address of each named party to the case" in their pleadings in violation of L. Civ. R. 10.1(a), both this Court and Judge Waldor attempted to have plaintiffs served directly through their counsel. (*See* D.E. 87, 96.) But, as explained *supra*, it is unclear whether service was effectuated, as plaintiffs' counsel twice failed to file the required certification of service. The Court has made diligent efforts to ensure that plaintiffs were on notice of the forthcoming dismissal but, given counsel's "failure to participate in these proceedings, and the inability of the Court to ascertain [plaintiffs'] current whereabouts, there does not appear to be any way to continue this litigation." *Cooper v. Atl. Cnty. Just. Facility*, 2016 WL 155039, at *3 (D.N.J. Jan. 12, 2016) (Simandle, J.).